DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ABLE INDUSTRIES OF THE PACIFIC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARCUS PORTER, DONALD PORTER,<br>CECIL WILLIAMSON and JOHN LAND,<br><br>　　　　Defendants. | Civil Case No. 09-00019 |
| JOHN LAND,<br><br>　　　　Counterclaim and<br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>ABLE INDUSTRIES OF THE PACIFIC,<br>EDDIE YOKENO a.k.a. MATAO YOKENO,<br>ELMORE COTTON, JOAQUIN LEON<br>GUERRERO, JENNIFER DUFFIE, and<br>ELEANOR LEON GUERRERO,<br><br>　　　　Counterclaim and<br>　　　　Third-Party Defendants. | **OPINION AND ORDER RE**:<br>**MOTIONS TO DISMISS** |
| MATAO YOKENO a.k.a. EDDIE YOKENO,<br><br>　　　　Cross-Claim Plaintiff<br><br>　vs. | |

```
ELMORE COTTON, JOAQUIN LEON
GUERRERO, JENNIFER DUFFIE and
ELEANOR LEON GUERRERO,

        Cross-Claim Defendants.
─────────────────────────────────────
MATAO YOKENO a.k.a. EDDIE YOKENO

        Third-Party Plaintiff,

    vs.

FRANCISCO FLORIG,

        Third-Party Defendant.
```

Before the court are the Motions to Dismiss filed by the Plaintiff, Able Industries of the Pacific, and Counterclaimant and Third-Party Plaintiff John Land. *See* Docket No. 298 and 300. The Plaintiff moves to dismiss its claims against Defendants Marcus Porter, Donald Porter, Cecil Williamson and John Land. Third-party defendants Joaquin Leon Guerrero, Elmore Cotton, Jennifer Duffie, and Eleanor Leon Guerrero join in the Plaintiff's motion. See Docket No. 300. Defendant John Land likewise seeks to dismiss his claims against the Plaintiff and against Third-Party Defendants Joaquin Leon Guerrero, Elmore Cotton, Matao Yokeno a.k.a. Eddie Yokeno, Jennifer Duffie and Eleanor Leon Guerrero. Docket No. 298. Having considered the parties' memoranda and other submissions, the court now issues this Order **GRANTING** the Motions.

## I. FACTUAL BACKGROUND

In 1995, Andrew J. Porter ("Porter"), Ed Fortier ("Fortier"), Elmore ("Moe") Cotton ("Cotton") and Dan Harrack ("Harrack") formed Able Industries of the Pacific ("Able Industries") and served as the first Board of Trustees. *See* Docket No. 41, Exh. A, Art. IX § B. Able Industries was formed as a non-profit organization providing vocational rehabilitation, vocational habilitation, and employment services to disabled persons in Guam. *See* Docket No. 1, Compl., ¶¶s 1, 2 and 11. As part of its activities, Able Industries contracts with federal agencies to provide services on Guam. *Id.,* ¶ 4. For example, Able Industries contracts with the United States Navy and United States Air Force to operate the Servmarts at Commander Naval Forces Marianas Base and Anderson Air Force Base. *Id.* It also contracts with the Air

Force to prove custodial services on base as well as provide services at the Magellan Inn and Skylight Flight Kitchen. *Id.*

Porter was the driving force behind Able Industries. He served as the Chief Executive Officer ("CEO") of Able Industries from its inception until his death in May 2009. *See* Docket No. 1, Compl., ¶ 18. Prior to Porter's death, Mr. Matao "Eddie" Yokeno ("Yokeno") had joined the board. *See id.*, ¶ 17. His death left the Board of Trustees short a member and a CEO. According to the By-Laws, there should be four (4) Trustees and they must reside on Guam. *See* Docket No. 43, Exh. A, Art. IV, § 2.

After Porter died, his sister, Cecil Williamson ("Williamson"), allegedly advised the Chief Financial Officer, Robert Perez ("Perez") that she was the new Secretary and CEO of the Board of Trustees, and her brother Marcus Porter was the Chairman of the Board and her other brother Donald Porter was also a Trustee. *See* Docket No. 44, Declaration of Robert Perez ("Perez Decl."), ¶8. She instructed Perez's staff to obtain a cashier's check from Able Industries' Bank of Hawaii account in the amount of $795,925.36 and to send the funds to her brother Marcus Porter, who was the new Chairman of the Board. *Id.* Following her instruction, Perez and his staff emptied the Bank of Hawaii account and sent the funds to Marcus Porter. *See id.,* ¶ 19.

At the time of Porter's death, all of his siblings resided in the mainland. His brother, Marcus Porter, was a resident of Alabama; his brother, Donald Porter, was a resident of Connecticut and his sister, Williamson was a resident of Alabama. *Id.*, Docket No. 1, Compl., ¶¶s 6-8.

On May 27, 2009, shortly after Porter's death, Cotton allegedly contacted fellow board member, Yokeno and stated that he wished to hold a Special Board of Trustees Meeting and wished to elect Mr. Joaquin Leon Guerrero ("Leon Guerrero") as CEO and as Trustee. *See* Docket No. 49, Exh. 8, at ¶ 7, attached thereto. However, Yokeno was going to be off island and did not consent to the meeting. *Id.*, at ¶ 8. The By-Laws require a special meeting be called by either the Chairman of the Board or by any two trustees. *See* Docket No. 43, Exh. A, Art. IV, § 4.

On June 4, 2009, Cotton allegedly held a Special Meeting and appointed as new trustees, Patricia Mae Cotton (Cotton's daughter), Jennifer Duffie ("Duffie"), and Leon Guerrero. Patricia Mae Cotton was then replaced by Francisco Florig ("Florig"). *See* Docket No. 35, Declaration of Yokeno ("Yokeno Decl."), attachment thereto, ¶¶ 11-14. At the June meeting, Cotton also appointed Leon Guerrero to serve as the Executive Director. *Id.*

On June 23, 2009, Red Mountain Bank, N.A. of Jefferson County, Alabama, filed a complaint in *Red Mountain, N.A. v. Marcus Porter, Joaquin Leon Guerrero, Able Industries of the Pacific, Porter Capital Corporation, and A, B, C, D and E,* Civil Action No. C 200901893 (Circuit Court of Jefferson County, Alabama). *See* Docket No. 10, ¶ 5. Red Mountain Bank's complaint sought to interplead the $795,925.36 that was sent to Marcus Porter in the Alabama Circuit Court. *Id.*

The parties in this case and in *Red Mountain, N.A. v. Porter et al.* agreed to have those funds deposited with the District Court of Guam. *See* Docket No. 10, ¶ 6. The Circuit Court of Alabama entered a Consent Judgment directing the Clerk of Court to tender a check for $790,392.56 (the balance of the $795,925.36 after subtracting attorneys fees awarded to Red Mountain Bank). *Id.,* Exh. A.

On July 2, 2009, Able Industries filed its complaint with this court. *See* Docket No. 1, Compl. The complaint in part alleges that the Defendants converted $795,925.36 of funds belonging to Able Industries. *See id*., ¶¶ 61-67.

On September 4, 2009, Yokeno requested to review and inspect Able Industries' records. *See* Docket No. 35, Yokeno Decl, attachment thereto, ¶ 17. On September 8, 2009, the Board held a special meeting and elected to remove Yokeno as a Trustee. *See* Docket No. 49, Exh. 2, attached thereto. The next day, the corporation denied Yokeno's request to review and inspect the corporate records. *See* Docket No. 35, attachment thereto, ¶ 17.

On October 1, 2009, Yokeno in his capacity at Trustee and Secretary-Treasure of Able Industries filed a Superior Court of Guam action against Cotton, Leon Guerrero, Duffie, Florig,

and Eleanor Leon Guerrero.[1] *See* Docket No. 35, Yokeno Decl, attachment thereto. In the Superior Court case, Yokeno claims that after Porter's death, there were only two remaining Trustees, Cotton and himself. *Id.* attachment thereto, ¶ 8. Harrack, who was a former Trustee, had left Guam and thus, was ineligible to continue serving as a Trustee under the Bylaws. Yokeno alleges that after Porter's death, irreconcilable differences of opinion arose between himself and Cotton concerning the conduct and management of the business of Able Industries. *Id.*, attachment thereto, ¶ 10.

## II. PROCEDURAL BACKGROUND

On or about July 2, 2009, Able Industries filed its complaint against Defendants Marcus Porter, Donald Porter, Williamson, and John Land ("Land") alleging several causes of action, *inter alia*, for conversion of funds belonging to Plaintiff, fraud, tortious interference with economic/business relationships, declaratory relief, injunctive relief, and punitive damages. *See* Docket No. 1. Defendants Marcus Porter, Donald Porter, Williamson filed separate answers. *See* Docket Nos. 8, 15 and 25. On January 22, 2010, Yokeno moved to intervene in the case. *See* Docket No. 65. On or about May 18, 2010, Land filed his answer, counterclaim and third-party complaint naming as third-party defendants Yokeno, Leon Guerrero, Cotton, Duffie, and Eleanor Leon Guerrero. *See* Docket No. 125.

In turn, Yokeno filed his answer to Land's Third-party Complaint and asserted cross-claims against Leon Guerrero, Cotton, Duffie, and Eleanor Leon Guerrero, as well as filing a third-party complaint against Florig. *See* Docket No. 130. Yokeno's cross-claims and his third-party complaint against Florig, both allege similar claims for declaratory relief, negligence, breach of fiduciary duty, conversion, and unjust enrichment. *Id.* Yokeno does not allege any claims for contribution, indemnity, or any other type of claim to hold movants responsible for any liability he may incur from Land's Third-party complaint.

On or about August 12, 2010, the Magistrate Judge granted Yokeno's motion to intervene as a defendant in this matter. *See* Docket No. 241. Accordingly, Yokeno filed his

---

[1] The Superior Court of Guam case is entitled *Eddie Yokeno et.al v. Elmore Cotton, et. al*, Civil Case No. CV1163-09.

answer to Able Industries' complaint on August 18, 2010. *See* Docket No. 242. Yokeno did not assert a counterclaim nor did he assert any third-party claims in his answer in intervention. *See id.*

On or about August 18, 2010, Able Industries and Defendants Marcus Porter, Donald Porter, Williamson, and Land reached an agreement settling their dispute. *See* Docket Nos. 254 and 255. That settlement was to result in the dismissal of Able Industries' complaint and dismissal of Land's counterclaim against Able Industries and his Third-party Complaint against Yokeno, Leon Guerrero, Cotton, Duffie, and Eleanor Leon Guerrero. *See id.*

No settlement has been reached between Able Industries and Yokeno. And, Yokeno has no counterclaims against Able Industries.

On January 24, 2011, Land filed an Amended Request for Dismissal of Counterclaim and Dismissal of Third-party Complaint with Prejudice. *See* Docket No. 298. On January 27, 2011, Able Industries filed an Amended Motion to Dismiss Complaint pursuant to Fed.R.Civ. P. 41(a)(2). Third-party defendants Leon Guerrero, Cotton, Duffie, and Eleanor Leon Guerrero joined in the Plaintiff's motion. *See* Docket No. 302. These motions are now before this court.

## III. DISCUSSION

A plaintiff may dismiss an action without a court order either by filing a notice of dismissal before the defendant serves an answer or motion for summary judgment, or by a stipulated dismissal. FED.R.CIV.P. 41(a)(1). If a plaintiff no longer has the right to voluntarily dismiss the action, Rule 41(a)(2) allows a plaintiff to dismiss the action only by court order, subject to any terms and conditions the court deems proper. *See* FED.R.CIV.P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1996); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Able Industries and Land seek a court order allowing them to voluntarily dismiss this action.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1) an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED.R.CIV.P. 41(a)(2).

Motions filed under Rule 41(a)(2) should be liberally granted, as long as no other party is prejudiced. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . .." *Hamilton v. Firestone Tire & Rubber Co. Inc.,* 679 F.2d 143, 145-46 (9th Cir. 1982).

Unless the court orders otherwise, a dismissal under Rule 41(a)(2) is without prejudice. FED.R.CIV.P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)); *see also Hamilton*, 670 F.2d at 145.

"[L]egal prejudice is just that-prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands,* 100 F.3d at 97; *see also Smith*, 263 F.3d at 976. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145). Whether to grant a motion for voluntary dismissal under 41(a)(2) is within the "district court's sound discretion." *Westlands,* 100 F.3d at 96 (quoting *Stevedoring Servs.*, 889 F.2d at 921).

Yokeno argues that dismissal of this matter would prejudice him. Specifically, Yokeno lists three reasons the court should consider in denying the motion to dismiss: (1) the efforts and expense involved in participating in the lawsuit; (2) the uncertainty of whether Yokeno will suffer some plain legal prejudice if the court dismisses the action; and (3) the lack of another forum Yokeno has to protect his rights. The court is not persuaded by these arguments.

First, it is undisputed that although the case was initiated in July 2009, Yokeno's official participation in this matter did not begin until May 18, 2010 when Land named Yokeno as a third-party defendant and Yokeno filed cross-claims and a third-party complaint. Although Yokeno may have incurred expense and effort in pursuing a role in the litigation, he did so of

his own volition and not as a named party. Yokeno filed numerous motions before the court even granted his motion to intervene and has now moved to re-open discovery to permit him to more fully participate. *See* Docket No. 308. However, the Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97.

Second, Yokeno has not demonstrated that he will suffer plain legal prejudice. He states only that he is uncertain. "Uncertainty because dispute remains unresolved is not legal prejudice." *Westlands*, 100 F.3d at 97. Without a showing of any prejudice, there is no basis for this court to deny the requested dismissals. *See Waller*, 828 F.2d at 583 ("A district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer come plain legal prejudice as a result."). The court cannot, and will not, issue a ruling based on speculation.

Lastly, contrary to Yokeno's contention, the court understands that the parties have an ongoing case concerning these matters pending in the Superior Court of Guam. *See* note 1. A dismissal of the action in the federal court does not result in any finding on the merits, favorable or otherwise. Thus, if Yokeno believes he has a justiciable claim or issue against the Plaintiff or any other party, he is still permitted to pursue his claims in the Superior Court case. The Ninth Circuit has made it clear that "legal prejudice does not result merely because a defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage" by a dismissal. *Smith*, 100 F.3d at 976.

### IV. CONCLUSION

For the foregoing reasons, the court finds that Yokeno has failed to demonstrate that he would suffer some plain legal prejudice as a result of the dismissal. However, the court is concerned about releasing the funds, which are held in the court registry pursuant to the parties' stipulation.[2] *See* Docket No. 10. Accordingly, the court **GRANTS** the requests for voluntary

---

[2] Several concerns have been raised about the alleged mismanagement of Able Industries; however, control of the funds held in the court registry is an issue to be determined by the Superior Court in its pending case.

dismissal with prejudice pursuant to Federal Civil Procedure Rule 41(a)(2), conditioned upon the parties obtaining an order establishing a court registry account.[3] The parties shall seek an order from the Judge presiding over *Eddie Yokeno et.al v. Elmore Cotton, et. al*, Civil Case No. CV1163-09 in the Superior Court of Guam. Once Able Industries files notice with this court that such an account has been established, this court will issue a separate order transferring the funds to said registry account.[4]

The court is hereby ordered to issue a judgment consistent with this order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 31, 2011**

---

[3] Pursuant to Rule 41(a)(2) the court is authorized to dismiss an action "by court order, on terms the court considers proper." FED.R.CIV.P. 41(a)(2).

[4] There are a number of outstanding motions, however, the ruling of the court issued herein moots all pending motions, whether or not they are specifically referenced.